UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

G&A STRATEGIC INVESTMENTS I LLC;
G&A STRATEGIC INVESTMENTS II LLC;
G&A STRATEGIC INVESTMENTS III LLC;
G&A STRATEGIC INVESTMENTS IV LLC;
G&A STRATEGIC INVESTMENTS V LLC;
G&A STRATEGIC INVESTMENTS VI LLC; and
G&A STRATEGIC INVESTMENTS VII LLC,

    Plaintiffs,

v.

PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO S.A.,

    Defendants.

Case No. 23-cv-

---

# COMPLAINT

Plaintiffs G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC (collectively "Plaintiffs" or "G&A Strategic Investments I–VII"), by and through their undersigned counsel, for their Complaint against Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo S.A. ("Petróleo") (collectively "Defendants") allege as follows:

## NATURE OF THE ACTION

1.    This is a breach of contract action arising from the failure of PDVSA to make contractually-mandated interest and principal payments on certain notes (the "Notes") held by Plaintiffs and issued by PDVSA pursuant to a Note Agreement, dated as of May 4, 2017 (the

"Note Agreement"), and guaranteed by Petróleo. To date, Defendants have shown no sign that they intend to comply with their obligations and are continuing to take affirmative actions to prevent Plaintiffs and other creditors from enforcing their claims. In light of the growing number of creditors seeking to enforce their contractual rights against Defendants' assets, expeditious relief from this Court is imperative.

2. For their relief, Plaintiffs seek payment of the principal and unpaid and accrued interest on the Notes held by Plaintiffs, as provided for in the Note Agreement, under the Notes, and under New York law, including pre- and post-judgment interest. A true and correct copy of the Note Agreement is attached as Exhibit 1. True and correct copies of the Notes are attached as Exhibit 2.

## THE PARTIES

3. Plaintiff G&A Strategic Investments I LLC is a Limited Liability Company organized under the laws of the State of Delaware.

4. Plaintiff G&A Strategic Investments II LLC is a Limited Liability Company organized under the laws of the State of Delaware.

5. Plaintiff G&A Strategic Investments III LLC is a Limited Liability Company organized under the laws of the State of Delaware.

6. Plaintiff G&A Strategic Investments IV LLC is a Limited Liability Company organized under the laws of the State of Delaware.

7. Plaintiff G&A Strategic Investments V LLC is a Limited Liability Company organized under the laws of the State of Delaware.

8. Plaintiff G&A Strategic Investments VI LLC is a Limited Liability Company organized under the laws of the State of Delaware.

9. Plaintiff G&A Strategic Investments VII LLC is a Limited Liability Company organized under the laws of the State of Delaware.

10. Defendant Petróleos de Venezuela, S.A. is a corporation organized under the laws of the Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") and owned directly by the Republic, which is a foreign state. PDVSA is an alter ego of Venezuela. *See OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157, 172 (3d Cir. 2023) ("[I]t is clear PDVSA is Venezuela's alter ego.").

11. Defendant PDVSA Petróleo S.A. is a corporation organized under the laws of the Bolivarian Republic of Venezuela. Petróleo is owned directly by PDVSA and indirectly by the Republic.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) and 28 U.S.C. § 1367(a).

13. PDVSA is a foreign corporation owned directly by the Republic and therefore PDVSA is an "agency or instrumentality" of a foreign state. 28 U.S.C. § 1603(b).

14. PDVSA has explicitly and unconditionally waived sovereign immunity under Article IX, Section 9.15(c) of the Note Agreement with respect to any action or proceeding arising out of or relating to the Note Agreement or the Notes issued pursuant to the Note Agreement by holders of the Notes issued thereunder, and is, therefore, not entitled to immunity under 28 U.S.C. §§ 1605–07. *See* Ex. 1 at 42, Section 9.15(c) ("To the extent that the Issuer or the Guarantor has or hereafter may acquire any immunity from jurisdiction of any court or from any legal process, the Issuer and the Guarantor each hereby waives such immunity and hereby agrees not to assert, by way of motion, as a defense or otherwise, in any suit, action or proceeding the defense of sovereign immunity or any claim that it is not personally subject to the

jurisdiction of the above-named courts by reason of sovereign immunity or otherwise, or that it is immune from any legal process (whether through service of notice, attachment prior to judgment, attachment in aid of execution, execution or otherwise) with respect to itself or its property or from attachment either prior to judgment or in aid of execution by reason of sovereign immunity . . .").

15. Accordingly, this Court has subject matter jurisdiction over claims against PDVSA pursuant to 28 U.S.C. § 1330(a).

16. Petróleo is a foreign corporation that is not directly owned by a foreign state. Petróleo, therefore, is not entitled to immunity under 28 U.S.C. §§ 1605-07.

17. Pursuant to Article VI, Section 6.01 of the Note Agreement, Petróleo "absolutely, irrevocably and unconditionally" guaranteed PDVSA's payment obligations under the Note Agreement and the Notes. Ex. 1 at 1, Preamble (defining Petróleo as the Guarantor); *id.* at 30, Section 6.01. Further, pursuant to Article IV, Section 6.04, Petróleo waived, "[t]o the fullest extent permitted by applicable law, . . . any defense based on or arising out of any defense of the Issuer or the Guarantor or the unenforceability of all or any part of the Guaranteed Obligations from any cause, or the cessation from any cause of the liability of the Issuer or the Guarantor, other than the indefeasible payment in full in cash of the Guaranteed Obligations" and "irrevocably waive[d] acceptance hereof, presentment, demand, protest and, to the fullest extent permitted by law, any notice not provided for herein, as well as any requirement that at any time any action be taken by any person against any Obligated Party or any other person." *Id.* at 31, Section 6.04.

18. Plaintiffs' claims against Petróleo are so related to claims in the action against PDVSA, which is within the Court's original jurisdiction, that they form part of the same case or

controversy under Article III of the United States Constitution. Accordingly, the Court has jurisdiction over claims against Petróleo pursuant to 28 U.S.C. § 1367(a).

19. In addition, this Court has personal jurisdiction over Defendants because Defendants explicitly consented to submit to the jurisdiction of this Court with respect to any action or proceeding arising out of or relating to the Note Agreement or the Notes issued pursuant to the Note Agreement by holders of the Notes issued thereunder. *See* Ex. 1 at 42, Section 9.15(a).

20. Venue is proper in this district pursuant to the agreement of the parties and 28 U.S.C. § 1391(f). The Defendants "irrevocably and unconditionally" submitted to the "exclusive jurisdiction of any New York State court or federal court of the United States of competent jurisdiction sitting in the County of New York, State of New York, and any appellate court from any thereof" in any action or proceeding arising out of or relating to the Note Agreement or the Notes and waived any and all defenses as to venue, as well as to an inconvenient forum. *See* Ex. 1 at 42, Sections 9.15(a)–(b).

21. The Note Agreement, Notes, and Assignment and Acceptances are all governed by New York law. *See* Ex. 1 at 40, Section 9.07; *id.* at B-3, Exhibit B (Form of Note); and *id.* at C-2-4, Annex 1 (Standard Terms and Conditions for Assignment and Acceptance), Section 3 (General Provisions).

22. Defendants irrevocably appointed Corporation Service Company, their Process Agent, as their "agent to receive and forward any writs, process and summonses in any suit, action or proceeding brought in connection with" the Note Agreement or the Notes against PDVSA "in any court of the State of New York or any United States federal court sitting in the County of New York, State of New York." Ex. 1 at 9, Section 1.1 (definition of "Process

Agent"); *id.* at 42–43, Section 9.15(d).

## FACTUAL ALLEGATIONS

### I. *Ownership of the Notes*

23. On May 4, 2017, PDVSA, as Issuer, and Petróleo, as Guarantor, entered into the Note Agreement with Schlumberger Venezuela, S.A. ("SVSA"). Pursuant to the Note Agreement, PDVSA issued fourteen Notes to SVSA designated as "Series 2017D" Notes and numbered R-1 through R-14. *See* Exs. 1–2. The principal value for each Note is $50,000,000.51, with a combined total value of $700,000,007.16. The Notes accrued interest at a rate of 6.5% per annum, with quarterly payments due beginning August 4, 2017 (for interest only) and August 4, 2018 (for interest and principal) and a maturity date of May 4, 2020.

24. On July 20, 2017, SVSA assigned all fourteen Notes to a corporate affiliate, Schlumberger Finance B.V. ("SFBV") pursuant to the Assignments and Acceptances. A true and correct copy of the SVSA-SFBV Assignment and Acceptances for Notes R-1 through R-14 is attached as Exhibit 3. Pursuant to the Assignments and Acceptances, for the agreed-to consideration, SVSA irrevocably sold and assigned to SFBV, and SFBV irrevocably purchased and assumed from SVSA, "the interest in and to all of [SVSA]'s rights and obligations under the Note Agreement . . . ." *See*, *e.g.*, Ex. 3 at 1, Form of Assignment and Acceptance for Series 2017D R-1 Note, Effective Date July 20, 2017.

25. On July 20, 2017, SFBV gave notice to PDVSA that it was replacing SVSA as the Administrative Agent under the Note Agreement. A true and correct copy of the July 20, 2017 Notice of Successor Administrative Agent is attached as Exhibit 4.

26. On July 21, 2017, SVSA gave notice to PDVSA that it had assigned its interest in the Notes to SFBV. A true and correct copy of the July 21, 2017 Cesión de Pagaré conforme al Acuerdo de Pago mediante Título Valor de Deuda (Note Agreement) de fecha 04 de mayo de

2017, stamped "Received" by PDVSA on July 25, 2017, is attached as Exhibit 5.

27. On October 29, 2018, SFBV assigned all fourteen Notes to Cowen and Company, LLC ("Cowen"). A true and correct copy of the SFBV-Cowen Assignment and Acceptances for Notes R-1 through R-14, stamped "Received" by PDVSA on October 29, 2018, is attached as Exhibit 6. Pursuant to the Assignments and Acceptances, for the agreed-to consideration, SFBV irrevocably sold and assigned to Cowen, and Cowen irrevocably purchased and assumed from SFBV, "the interest in and to all of [SFBV]'s rights and obligations under the Note Agreement . . . ." *See, e.g.*, Ex. 6 at 6, Form of Assignment and Acceptance for Series 2017D R-1 Note, Effective Date October 29, 2018.

28. On October 29, 2018, SFBV gave notice to PDVSA that it was resigning as the Administrative Agent under the Note Agreement. A true and correct copy of the October 29, 2018 Notice of Resignation - Administrative Agent is attached as Exhibit 7.

29. On October 29, 2018, Cowen gave notice to PDVSA that it had been assigned SFBV's interest in the Notes, that it accepted SFBV's resignation as Administrative Agent, and that it was designating and appointing itself as Administrative Agent. A true and correct copy of the October 29, 2018 Notice of Assignment and Appointment of Successor Administrative Agent is attached as Exhibit 8. The Cowen Notice of Assignment advised that, as discussed *infra* ¶¶ 49–53:

> [B]y notice dated December 14, 2017 and stamped received on December 19, 2017, SFBV, in its capacity as Administrative Agent, notified and confirmed to the Issuer and the Guarantor that an Event of Default had occurred and was continuing. As of the date hereof, such Event of Default has not been cured. Pursuant to Section 9.04(b) of the Note Agreement, upon the occurrence and during the continuation of an Event of Default, a Noteholder may effect an assignment to any Person or Persons, with notice to, but without consent of, the Issuer and the Administrative Agent. In any event, we note that pursuant to Section 3.02(e) of the Note Agreement, the Notes may be offered, sold and otherwise transferred to Qualified Institutional Buyers pursuant to Rule 144A of

> the Securities Act with notice to, but without consent of, the issuer and the Administrative Agent. In this regard, Cowen hereby represents and warrants that it is a Qualified Institutional Buyer and the transfer of the Notes was done pursuant to Rule 144A of the Securities Act. Consequently, neither the consent of the Issuer nor the Administrative Agent is required in connection with the transfer referred to herein, nor is any consent being requested hereby.

Ex. 8 at 2.

30. On October 29, 2018, Cowen assigned Notes R-1 and R-2 to G&A Strategic Investments I LLC; Notes R-3 and R-4 to G&A Strategic Investments II LLC; Notes R-5 and R-6 to G&A Strategic Investments III LLC; Notes R-7 and R-8 to G&A Strategic Investments IV LLC; Notes R-9 and R-10 to G&A Strategic Investments V LLC; Notes R-11 and R-12 to G&A Strategic Investments VI LLC; and Notes R-13 and R-14 to G&A Strategic Investments VII LLC. A true and correct copy of the Cowen-G&A Strategic Investments I-VII Assignments and Acceptances for Notes R-1 through R-14, stamped "Received" by PDVSA on October 29, 2018, is attached as Exhibit 9.

31. Pursuant to the Assignments and Acceptances, for the agreed-to consideration, Cowen irrevocably sold and assigned to G&A Strategic Investments I–VII, and G&A Strategic Investments I–VII irrevocably purchased and assumed from Cowen, "the interest in and to all of [Cowen]'s rights and obligations under the Note Agreement . . . ." *See*, *e.g.*, Ex. 9 at 1, G&A Strategic Investments I LLC Form of Assignment and Acceptance for Series 2017D R-1 Note, Effective Date October 29, 2018.

32. As part of the transaction, on October 29, 2018, counsel for Plaintiffs' affiliate rendered a written opinion to PDVSA regarding "Transfer of Promissory Notes of Petróleos de Venezuela, S.A. . . . in accordance with Section 3.02(e) of the Note Agreement," informing PDVSA that the Notes had "been purchased by assignment." A true and correct copy of the opinion, stamped "Received" by PDVSA on October 29, 2018, is attached as Exhibit 29.

33. On October 29, 2018, Plaintiffs' sole member gave notice to PDVSA that it had been assigned Cowen's interest in the Notes and that it was replacing Cowen as Administrative Agent. A true and correct copy of the October 29, 2018 Notice of Assignment and Appointment of Successor Administrative Agent, stamped "Received" by PDVSA on October 29, 2018, is attached as Exhibit 10. That Notice of Assignment advised that, as discussed *infra* ¶¶ 49–53:

> [B]y notice dated December 14, 2017 and stamped received on December 19, 2017, SFBV, in its capacity as Administrative Agent, notified and confirmed to the Issuer and the Guarantor that an Event of Default had occurred and was continuing. As of the date hereof, such Event of Default has not been cured. Pursuant to Section 9.04(b) of the Note Agreement, upon the occurrence and during the continuation of an Event of Default, a Noteholder may effect an assignment to any Person or Persons, with notice to, but without consent of, the Issuer and the Administrative Agent. In any event, we note that pursuant to Section 3.02(e) of the Note Agreement, the Notes may be offered, sold and otherwise transferred to Qualified Institutional Buyers pursuant to Rule 144A of the Securities Act with notice to, but without consent of, the issuer and the Administrative Agent. In this regard, each Buyer hereby represents and warrants that it is a Qualified Institutional Buyer and the transfer of the Notes was done pursuant to Rule 144A of the Securities Act. Consequently, neither the consent of the Issuer nor the Administrative Agent is required in connection with the transfer referred to herein, nor is any consent being requested hereby.

Ex. 10 at 2.

34. On October 29, 2018, counsel for Plaintiffs' affiliate hand-delivered a letter to PDVSA giving notice of the transaction, and attaching copies of the Note Agreement; the Notice of Assignment and Appointment of Successor Administrative Agent; and the written legal opinion regarding the transfer of the Notes. This letter was received by PDVSA on October 29, 2018. A true and correct copy of the letter and its attachments is attached as Exhibit 30.

35. On November 28, 2023, Cowen gave written notice to PDVSA that it was confirming the October 29, 2018 assignment of the Notes to Plaintiffs, and confirming Cowen's resignation as Administrative Agent and the appointment of G&A Strategic Holdings LLC as Successor Administrative Agent. A true and correct copy of the Ratification of Notice of

Assignment and Appointment of Successor Administrative Agent, stamped "Received" by PDVSA on December 8, 2023, is attached as Exhibit 31.

36. Pursuant to Section 9.17 of the Note Agreement, G&A Strategic Holdings LLC, as the Administrative Agent of record under the Note Agreement and the Notes, consents to the initiation of this action. Ex. 1 at 43, Section 9.17.

37. Pursuant to each of the above-referenced Assignments and Acceptances, "[f]rom and after the Effective Date," "all payments in respect of the Assigned Interest (including payments of principal, interest and other amounts)" were required to be made "to the Assignor for amounts which have accrued up to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date." *See, e.g.*, Ex. 9 at 4, G&A Strategic Investments I LLC Form of Assignment and Acceptance for Series 2017D R-1 Note, Effective Date October 29, 2018, Annex I, Section 2 (Payments).

38. Pursuant to Article IX, Section 9.04(b) of the Note Agreement, an assignee has the rights and obligations of a Noteholder from and after the Effective Date specified in the Assignment and Acceptance. Ex. 1 at 37–38, Section 9.04(b).

## II. *Defendants' Failure to Pay*

39. The Note Agreement defined PDVSA's "repayment date" as the date on which each payment of the principal and interest was due, as set forth in the schedule of payments in Exhibit A to the Form of Note attached to the Note Agreement. *See* Ex. 1 at 10, Section 1.01 (definition of "Repayment Date"); *id.* at A-1 (Exhibit A).

40. Based upon the specified repayment schedule, PDVSA was required to make quarterly interest-only payments for one year beginning on August 4, 2017, followed by quarterly payments of both interest and principal through May 4, 2020. Ex. 1 at A-1 (Exhibit A).

Pursuant to Article VI, Section 6.01 of the Note Agreement, Petróleo "absolutely, irrevocably and unconditionally" guaranteed PDVSA's payment obligations under the Note Agreement "as primary obligor and not merely as surety". *Id.* at 30, Section 6.01.

41. Under the Note Agreement, failure to make the required payments when due constitutes an Event of Default and permits the Noteholders to recover the entire unpaid balance of the Note, plus interest at a default rate of 8.5% per annum. Ex. 1 at Article VII (Events of Default) and Section 2.04 (Default Interest). In particular, Article VII(a) of the Note Agreement defines "Events of Default" to include "the failure to pay the principal of, or interest on any of the Notes, when such principal becomes due and payable, including at any of the Repayment Dates, by acceleration or otherwise, and such failure continues for a period of five (5) days after written notice thereof has been given to the Issuer." *Id.* at 32.

42. The parties agreed that the default rate of 8.5% per annum, rather than the federal post-judgment interest rate, would apply even after a judgment was issued:

> [F]rom the date the applicable action has been taken by the Required Noteholders and for so long as such Event of Default is continuing or until the date the Required Noteholders agree otherwise, to the extent permitted by law, all amounts outstanding under this Agreement and the other Finance Documents shall bear interest (*after as well as before judgment*), payable on demand, based on and computed on the basis of actual number of days elapsed on a year of 365 days, at a rate per annum equal to eight and one-half percent (8.5%).

Ex. 1 at 13, Section 2.04 (emphasis added).

43. PDVSA failed to make the required interest payment on August 4, 2017. Petróleo has not paid the August 4, 2017 interest payment as Guarantor.

44. SVSA delivered written notice to PDVSA on August 14, 2017 that PDVSA had failed to pay interest on a Repayment Date, and requested "payment during the cure period listed in Article VII(a) of the Note Agreement." SVSA delivered further written notice to PDVSA extending the cure period on at least August 21, 2017 (in a letter titled "Event of Default – 6.50%

11

Senior Guaranteed Notes, Series 2017D"); August 31, 2017; September 12, 2017; September 15, 2017; September 22, 2017; September 29, 2017; October 6, 2017; October 13, 2017; October 27, 2017; and November 2, 2017 (in which letter SVSA informed PDVSA that "all notifications regarding the Note Agreement will be sent directly by Schlumberger Finance BV as the owner of the notes and Administrative Agent").

45. True and correct copies of the August 14, 2017; August 21, 2017; August 31, 2017; September 12, 2017; September 15, 2017; September 22, 2017; September 29, 2017; October 6, 2017; October 13, 2017; October 27, 2017; and November 2, 2017 notices are attached as Exhibits 11–21.

46. SFBV delivered written notice to PDVSA on November 3, 2017 ratifying SVSA's extensions and waivers, and granting an additional extension of the cure period. A true and correct copy of the November 3, 2017 notice is attached as Exhibit 22.

47. PDVSA failed to make the required interest payment on November 4, 2017. Petróleo has not paid the November 4, 2017 interest payment as Guarantor.

48. On November 10, 2017, SFBV, the Noteholder and Administrative Agent at the time, delivered written notice to PDVSA that the August 4, 2017 and November 4, 2017 payments were outstanding, and granted an extension "solely in order to avoid an Event of Default under the Note Agreement, and in reliance on PDVSA's written representation that payment of the Overdue Amount shall occur promptly." SFBV delivered further written notice to PDVSA extending the cure period on November 17, 2017; November 24, 2017; and November 29, 2017. True and correct copies of the November 10, 2017; November 17, 2017; November 24, 2017; and November 29, 2017 notices are attached as Exhibits 23–26.

49. On December 14, 2017, SFBV, as Noteholder and Administrative Agent, delivered written notice to PDVSA that an Event of Default for non-payment of the August 2017 and November 2017 interest payments had occurred, and was continuing. A true and correct copy of said notice is attached as Exhibit 27.

50. On March 9, 2018, SFBV received one coupon payment equivalent to $11,468,493.27 from PDVSA. PDVSA did not specify which of the three then-outstanding interest payments it intended to settle when it transferred the funds. A true and correct copy of correspondence from SFBV to Cowen confirming the details of the coupon payment is attached as Exhibit 28.

51. In addition to the missed interest payments on August 4, 2017 and November 4, 2017, PDVSA failed to make the required interest payments on February 4, 2018; May 4, 2018; August 4, 2018; November 4, 2018; February 4, 2019; May 4, 2019; August 4, 2019; November 4, 2019; February 4, 2020; and May 4, 2020 for any of the fourteen Notes described herein. Petróleo has not paid any interest payments as Guarantor.

52. The first principal payment of $87,500,000.90 (for the fourteen Notes collectively) was due on August 4, 2018. Additional principal payments were due November 4, 2018; February 4, 2019; May 4, 2019; August 4, 2019; November 4, 2019; February 4, 2020; and May 4, 2020. PDVSA has made no payments of principal for any of the fourteen Notes described herein. Petróleo has not paid any principal payments as Guarantor.

53. To date, PDVSA and Petróleo have not made any additional payments on the outstanding amounts, or raised any defenses to payment.

54. Accordingly, to date, Defendants owe Plaintiffs the outstanding principal amount of $700,000,007.16, plus contractual default interest that continues to accrue at the rate of 8.5%

per annum, for a total amount owed to date of $1,125,886,106.21, plus pre- and post-judgment interest at the rate of 8.5% per annum, fees and other costs.[1] Ex. 1 at 16, Section 2.04. Defendants' default also entitles Plaintiffs to all costs and expenses, including reasonable attorneys' fees and court costs, incurred in collecting or otherwise enforcing the Note Agreement. Ex. 1 at 30, Section 6.01; *id.* at 34, Article VII.

55. Plaintiffs and prior Noteholders have fully performed their obligations under the Note Agreement and Notes.

56. PDVSA is contractually obligated to pay the amounts of interest and principal declared to be due and payable, together with accrued interest thereon, "without presentment, demand, protest or any other notice of any kind . . . " Ex. 1 at 34, Article VII.

57. Petróleo, as Guarantor, contractually agreed that Plaintiffs may recover under the Guarantee regardless of whether the obligations in the Note Agreement are invalid, illegal or unenforceable and waived "any defense based on or arising out of any defense of the Issuer or the Guarantor or the unenforceability of all or any part of the Guaranteed Obligations . . ." Ex. 1 at 31, Sections 6.03(b) and 6.04. Petróleo further waived any right to "acceptance hereof, presentment, demand, protest and, to the fullest extent permitted by law, any notice not provided for herein, as well as any requirement that at any time any action be taken by any person . . . ." *Id.* at 31, Section 6.04.

58. Defendants have invoked US sanctions against Venezuela and PDVSA offensively, claiming that these sanctions prevent creditors from enforcing their rights, but cases against Defendants are proceeding apace in this Court and others. *See, e.g., Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo S.A.*, No. 19-cv-2519

---

[1] These figures do not include amounts due and owing, but unpaid, more than six years prior to the date of this filing.

(S.D.N.Y.); *Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.*, No. 22-mc-347 (D. Del.); *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del.). Sanctions do not excuse Defendants' contractual obligations.

59. Accordingly, Defendants are in breach of their contractual obligations under the Note Agreement and the Notes.

## CLAIM FOR RELIEF

### COUNT I
### For Breach of Contract on the Notes
### (against PDVSA)

60. Plaintiffs repeat and reallege the allegations set forth above and herein.

61. The Note Agreement is a legally enforceable agreement by and between Plaintiff and PDVSA.

62. Plaintiff performed all of its obligations under the Note Agreement.

63. Pursuant to the terms of the Note Agreement, PDVSA is obligated to pay principal and interest on the Note, but PDVSA has failed to make the required payments of interest or principal on the Notes to Plaintiffs.

64. By reason of the foregoing, PDVSA has breached its contractual obligations to Plaintiffs and PDVSA is liable to Plaintiffs for the unpaid principal of $700,000,007.16, plus contractual default interest that continues to accrue at the rate of 8.5% per annum, for a total amount owed to date of $1,125,886,106.21, plus pre- and post-judgment interest thereon at the rate of 8.5% per annum.

## COUNT II
### For Breach of Contract on the Notes
### (against Petróleo)

65. Plaintiffs repeat and reallege the allegations set forth above and herein.

66. The Note Agreement, which includes the Guarantee, is a legally enforceable agreement by and between Plaintiff and Petróleo.

67. Plaintiff performed all of its obligations under the Note Agreement.

68. Pursuant to the terms of the Guarantee, Petróleo is liable for payments under the Note Agreement and Note. Petróleo is obligated to pay principal and interest on the Note, but Petróleo has failed to make any payments of interest or principal on the Notes to Plaintiffs.

69. By reason of the foregoing, Petróleo has breached its contractual obligations to Plaintiffs and Petróleo is liable to Plaintiffs for the unpaid principal of $700,000,007.16, plus contractual default interest that continues to accrue at the rate of 8.5% per annum, for a total amount owed to date of $1,125,886,106.21, plus pre- and post-judgment interest thereon at the rate of 8.5% per annum.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against Defendants, as follows:

i. entering judgment in favor of Plaintiffs and against Defendants, which are jointly and severally liable to Plaintiffs for breach of contract;

ii. awarding Plaintiffs damages against Defendants, jointly and severally, in the amount of $1,125,886,106.21, including default interest that continues to accrue at 8.5% per annum, plus pre- and post-judgment interest at the rate of 8.5% per annum, fees and costs;

iii. awarding Plaintiffs reasonable attorneys' fees and costs incurred by Plaintiffs in enforcing their rights and remedies under the Note Agreement and the Notes;

iv. expediting relief in light of other creditors seeking to enforce their rights; and

v.       granting such other and further relief as this Court shall deem just and proper.

Dated: December 11, 2023        Respectfully,
New York, NY

By: /s/ *Evan Glassman*
    Evan Glassman
    STEPTOE LLP
    1114 Avenue of the Americas
    New York, NY 10036
    Tel: (212) 506-3900
    Fax: (212) 506-3950
    E-mail: eglassman@steptoe.com

    Michael J. Baratz
    (*pro hac vice* application forthcoming)
    Emma Marshak
    (*pro hac vice* application forthcoming)
    STEPTOE LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036
    Tel: (202) 429-3000
    Fax: (202) 429-3902
    E-mail: mbaratz@steptoe.com
    E-mail: emarshak@steptoe.com

    *Counsel for Plaintiffs*
    *G&A Strategic Investments I LLC; G&A Strategic Investments II LLC; G&A Strategic Investments III LLC; G&A Strategic Investments IV LLC; G&A Strategic Investments V LLC; G&A Strategic Investments VI LLC; and G&A Strategic Investments VII LLC*