**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| G&A STRATEGIC INVESTMENTS 1 LLC, *et al.*, : <br><br> Plaintiffs, : <br><br> v. : <br><br> PETRÓLEOS DE VENEZUELA, S.A. *et al.*, : <br><br> Defendants. : | Case No. 23-cv-10766-JSR |

### [PROPOSED] ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANTS PETRÓLEOS DE VENEZUELA, S.A. AND PDVSA PETRÓLEO S.A.

Plaintiffs G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC (collectively "G&A Strategic Investments" or "Plaintiffs") own a promissory note issued by Defendant Petróleos de Venezuela, S.A. ("PDVSA") and guaranteed by Defendant PDVSA Petróleo S.A. ("Petróleo").  Pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2(b), and 28 U.S.C. § 1608(e), Plaintiffs have applied for default judgment against PDVSA and Petróleo.  For the reasons set forth below, Plaintiffs' motion is GRANTED.

### BACKGROUND

The Complaint in this case was filed on December 11, 2023, seeking to enforce a series of promissory notes issued by PDVSA and guaranteed by Petróleo.  ECF No. 1.  The promissory notes were originally issued to Schlumberger Venezuela, S.A. ("SVSA"), but by a series of assignments, they are now owned and held by Plaintiffs.

1

On December 20, 2023, Plaintiffs served a summons, a copy of the Civil Cover Sheet, a copy of the Complaint, a copy of the Related Case Statement, and a copy of the Rule 7.1 Corporate Disclosure Statement on each Defendant at Corporation Service Company in New York, pursuant to the terms of the promissory note.  ECF Nos. 20–21.  The process server employed by Plaintiffs filed Affidavits of Service attesting to the effectuation of service on a legal representative of Corporation Service Company on December 21, 2023.  *Id.*

PDVSA is a foreign corporation owned directly by the Bolivarian Republic of Venezuela; accordingly, PDVSA is an "agency or instrumentality" of a foreign state pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. ("FSIA").  28 U.S.C. § 1603(b). Petróleo is a foreign corporation that is neither directly owned by a foreign state, nor is it an organ of a foreign state, and Petróleo is therefore not entitled to any protections under the FSIA.

Both PDVSA and Petróleo irrevocably appointed Corporation Service Company, their Process Agent, as their "agent to receive and forward any writs, process and summonses in any suit, action or proceeding brought in connection with" the Note Agreement or the Notes against PDVSA "in any court of the State of New York or any United States federal court sitting in the County of New York, State of New York."  ECF No. 1-1 at 13, 46–47.  Neither PDVSA nor Petróleo has appointed a successor agent in the City of New York.

Pursuant to 28 U.S.C. § 1608(c)(2), service on PDVSA was deemed to have been made as of December 20, 2023.  As an agency or instrumentality of a foreign state served pursuant to 28 U.S.C. § 1608(b), PDVSA was required to "serve an answer or other responsive pleading to the complaint within sixty days after service has been made."  28 U.S.C. § 1608(d). Accordingly, PDVSA's answer or other responsive pleading was due 60 days from December

20, 2023.  PDVSA was therefore required to answer or otherwise respond to the Complaint on or before February 20, 2024.

Personal service on a legal representative of Corporation Service Company constituted proper service on Petróleo pursuant to Fed. R. Civ. P. 4(h)(1)(B).  Accordingly, Petróleo's answer or other responsive pleading was due 21 days from December 20, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Petróleo was therefore required to answer or otherwise respond to the Complaint on or before January 10, 2024.

Defendant PDVSA is not an infant or an incompetent person or in the military service of the United States.  Defendant PDVSA has failed to appear, respond to the Complaint, or otherwise defend this action by the date required under 28 U.S.C. § 1608(d).  As set forth above, the pleading to which no response has been made was properly served pursuant to 28 U.S.C. § 1608(b)(1) and 28 U.S.C. § 1608(b)(2).

Defendant Petróleo is not an infant or an incompetent person or in the military service of the United States.  Defendant Petróleo has failed to appear, respond to the Complaint, or otherwise defend this action by the date required under Rule 12(a)(1)(A)(i).  As set forth above, the pleading to which no response has been made was properly served pursuant to Fed. R. Civ. P. 4(h)(1)(B).

## DISCUSSION

The Court may "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); Fed. R. Civ. P. 55(b)(2); *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  The entry of default judgment is left to the district court's discretion.  *See e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011); *Gunnells v.*

*Teutul*, 392 F. Supp. 3d 451, 453 (S.D.N.Y. 2019).  A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability[.]"  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

## I.       Jurisdiction

Section 1604 of the FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter."  28 U.S.C. § 1604.  Pursuant to Section 1605(a) of the FSIA, "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver; . . . ." 28 U.S.C. § 1605(a); *see Colonial Bank v. Compagnie Generale Mar. et Financiere*, 645 F. Supp. 1457, 1461 (S.D.N.Y. 1986) ("The first exception to the grant of foreign sovereign immunity under § 1605 is for waiver.").  PDVSA, an agency or instrumentality of the Bolivarian Republic of Venezuela, and therefore included within the definition of a foreign state pursuant to 28 U.S.C. § 1603(a), explicitly waived its sovereign immunity.  Note Agreement Section 9.15(c) (ECF No. 1-1 at 46). Accordingly, PDVSA is not entitled to immunity and the Court has subject matter jurisdiction over PDVSA pursuant to 28 U.S.C. § 1330(a) and 28 U.S.C. § 1605(a)(1).

Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Petróleo, which "absolutely, irrevocably and unconditionally" guaranteed PDVSA's payment obligations under the Note Agreement and the Notes, and waived defenses.  Note Agreement Section 6.01 (ECF No. 1-1 at 32–33); *Midlantic Com. Co. v. Prime Sportswear Corp.*, No. 95 CIV 10192(SWK), 1996 WL 361539 (S.D.N.Y. June 27, 1996) (exercising supplemental jurisdiction over guarantor pursuant to 28 U.S.C. § 1367(a)).

PDVSA and Petróleo each expressly consented to personal jurisdiction in this Court. Note Agreement Section 9.15(a) (ECF No. 1-2 at 8); *Thales Alenia Space France v. Thermo Funding Co., LLC*, 959 F. Supp. 2d 459, 466 (S.D.N.Y. 2013).

## II.     Service Was Proper

PDVSA and Petróleo each expressly and irrevocably appointed Corporation Service Company as their Process Agent in the United States, specifying clearly that Corporation Service Company is "to receive and forward any writs, process and summonses in any suit, action or proceeding brought in connection with" the promissory note.

Plaintiffs personally served Corporation Service Company.  ECF Nos. 20–21.  Personal service of process upon an irrevocably designated agent constitutes proper service.  By agreeing to a method of service in a contract, a defendant "waive[s] its right to other service of process[.]" *Mastec Latin Am. v. Inepar S/A Industrias E Construcoes*, No. 03 CIV 9892 (GBD), 2004 WL 1574732, at *3 (S.D.N.Y. July 13, 2004); *see also Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, No. 03 CIV 8554 (LTS), 2005 WL 1123755, at *4-5 (S.D.N.Y. May 11, 2005).

Although Corporation Service Company subsequently informed Plaintiffs that the service of process could not be forwarded to PDVSA or Petróleo, PDVSA and Petróleo explicitly and irrevocably authorized Corporation Service Company to receive process on their behalf, thereby cloaking Corporation Service Company with apparent authority to accept such service; neither PDVSA nor Petróleo designated a new process agent in New York; and Corporation Service Company has not clearly informed Plaintiffs that it was not PDVSA or Petróleo's agent. Accordingly, service was proper.  *Recyclers Consulting Group Inc. v. IBM-Japan, Ltd.*, No. 96 CIV 3137 (JFK), 1997 WL 615014, at *3 (S.D.N.Y. Oct. 3, 1997); *Mastec*, 2004 WL 1574732, at *3; *see Voice Tele Servs., Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200, 204 (S.D.N.Y. 2021).

### III.    Liability

Taking the factual allegations of the complaint as true, PDVSA and Petróleo are jointly and severally liable for breach of contract.

The Note Agreement is a contract governed by New York law.  Note Agreement Section 9.07 (ECF No. 1-1 at 44).  The Notes were validly assigned to Plaintiffs pursuant to the Assignment and Acceptance, which is also governed by New York law.  *See id.* at 541  Pursuant to the terms of the Note Agreement, an assignee has the rights and obligations of a Noteholder from and after the Effective Date specified in the Assignment and Acceptance.  Note Agreement Section 9.04(b) (*id.* at 41–42).  Plaintiffs' allegations and supporting documentation show that Plaintiffs, and the prior Noteholders, each fully performed their obligations under the Note Agreement and Notes, which are valid contracts.

Pursuant to the terms of the Note Agreement, PDVSA is contractually obligated to pay the amounts of interest and principal declared to be due and payable without presentment, together with accrued interest thereon, and Petróleo absolutely, irrevocably and unconditionally guaranteed PDVSA's payment obligations as primary obligor and not merely as surety.  Note Agreement Section 6.01 (ECF No. 1-1 at 34); *id.* at Article VII (*id.* at 38).

Upon review of the complaint and the evidence submitted by the Plaintiffs, the Court finds that the August 4, 2018; November 4, 2018; February 4, 2019; May 4, 2019; August 4, 2019; November 4, 2019; February 4, 2020; and May 4, 2020 principal payments, and the February 4, 2018; May 4, 2018; August 4, 2018; November 4, 2018; February 4, 2019; May 4, 2019; August 4, 2019; November 4, 2019; February 4, 2020; and May 4, 2020 interest payments, were not made by either PDVSA or Petróleo.

PDVSA and Petróleo's failure to make payments required by the terms of the Note Agreement constitutes a breach of contract.

**IV.** **Damages**

Upon review of the evidence submitted by Plaintiffs, the Court determines the following.

An Event of Default was declared on December 14, 2017.  Since that time, interest has accrued at the default rate equal to 8.50% per annum. The Note matured on May 4, 2020.

PDVSA is liable to Plaintiffs in the amount of $700,000,007.16, plus interest, for a total amount owed of $1,139,908,285.67, as well as contractual interest accruing at 8.5%, prejudgment interest accruing at 9% under CPLR § 5004, and attorneys' fees and costs.  These sums will continue to accrue interest post-judgment at the contractual default rate of 8.5%, which overrides the statutory post-judgment interest rate set forth in 28 U.S.C. § 1961.  *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) ("[P]arties may by contract set a post-judgment rate at which interest shall be payable.").

**V.** **Authorization to Serve Default Judgment By The Following Means**

Plaintiffs request this Court's authorization to serve the default judgment on PDVSA and Petróleo by alternative means. The Court grants Plaintiffs' request.

The Clerk of Court is hereby directed to mail a copy of the default judgment, together with a translation into Spanish, the official language of Venezuela, to PDVSA by a form of mail requiring a signed receipt.  The Clerk is directed to mail such documents to:

- PDVSA, at the following address provided in the Note Agreement:

  > Petróleos de Venezuela, S.A.
  > Attention of Emir Manrique (Executive Director of Financial Planning)
  > La Campiña, Av. Libertador, Calle El Empalme
  > Edificio Petróleos de Venezuela, Torre Este, Piso 8
  > Caracas, Venezuela

- Horacio Francisco Medina Herrera, the President of PDVSA's Ad Hoc Board, at the address provided by Mr. Medina as his primary residence and business

address in registration statements submitted by him pursuant to the Foreign

Agents Registration Act:

> Horacio Francisco Medina Herrera
> 2216 Adams Street #307
> Hollywood, FL 33020

- PDVSA's Ad Hoc Board, at the address provided by Mr. Medina in a registration

  statement under the Foreign Agents Registration Act:

> PDVSA Ad Hoc Board
> 2216 Adams Street #307
> Hollywood, FL 33020

Plaintiffs may serve Petróleo by personal service or email at the addresses indicated in

the Note Agreement.

## CONCLUSION

For the reasons stated, Plaintiffs' motion for default judgment is GRANTED.


Dated this ___ day of _____, 2024.


_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE