```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
G&A STRATEGIC INVESTMENTS I LLC,    :
et al.,                             :
                                    :
        Plaintiffs,                 :
                                    :     23-cv-10766 (JSR)
        -v-                         :
                                    :
PETRÓLEOS DE VENEZUELA, S.A.        :
et al.,                             :
                                    :
        Defendants.                 :
------------------------------------x
GIRARD STREET INVESTMENT            :
HOLDINGS LLC,                       :
                                    :
        Plaintiff,                  :
                                    :     23-cv-10772 (JSR)
        -v-                         :
                                    :
PETRÓLEOS DE VENEZUELA, S.A.        :
et al.,                             :
                                    :
        Defendants.                 :
------------------------------------x
```

## MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Plaintiffs in this consolidated action, G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC (collectively, "G&A") and Girard Street Investment Holdings LLC ("Girard Street") purchased promissory notes issued by defendant Petróleos de Venezuela, S.A ("PDVSA") and guaranteed by defendant PDVSA Petróleo S.A. ("Petróleo"). Plaintiffs alleged in their respective complaints that defendants defaulted on these notes. After

1

defendants initially failed to enter an appearance to defend against these allegations, the Court entered default judgment in favor of each plaintiff. Several months later, however, PDVSA entered an appearance and moved for vacatur of the default judgment pursuant to Federal Rule of Civil Procedure 60(b). By "bottom-line" order dated September 10, 2024, the Cour granted the motion to vacate the default judgment. This memorandum sets forth the reasons for that ruling.[1]

**I.   Facts**

Plaintiffs here are investment funds that filed two initially separate but now consolidated actions against PDVSA, a Venezuelan state-owned oil company, and Petróleo, a Venezuelan corporation directly owned by PDVSA. Girard Street Amended Consolidated Complaint ¶ 9-10 (ECF No. 65) ("Girard Street Compl."). In the complaints originally filed on December 11, 2023, plaintiffs alleged that defendants had defaulted on their contractually mandated obligation to pay interest and principal payments on certain promissory notes issued by PDVSA and guaranteed by Petróleo that were acquired by plaintiffs, and sought damages against defendants, including default interest, and pre- and post-judgment interest. Specifically, PDVSA issued certain notes pursuant to a note agreement dated June 29, 2016,

---

[1] Although another co-defendant, Petróleo, entered appearance in this action only after the Court's vacatur of the default judgments, the default judgments were vacated as to both defendants since Petróleo's liability is dependent on PDVSA. The Court will reserve its judgment on the separate questions of whether Petróleo is an "agent or instrumentality of a foreign state" and whether Petróleo was properly served.

2

("Girard Street Note Agreement"), which were in turn assigned to Girard Street through an intermediary under an agreement effective January 14, 2021. Girard Street Compl. ¶¶ 1, 28-30. G&A was assigned notes, which were issued by PDVSA pursuant to a note agreement dated May, 4, 2017, ("G&A Note Agreement") (collectively, the "note agreements") through a series of intermediaries on October 29, 2018. G&A Complaint ¶¶ 1, 23-30 (ECF No. 1) ("G&A Compl.").

In pertinent parts, both note agreements "irrevocably appoint[]" Corporation Service Company ("CSC"), a process service agent with offices at 1180 Avenue of the Americas, Suite 210, New York, NY, as their "agent to receive and forward any writs, process and summonses in any suit, action or proceeding brought in connection with" the notes agreements "in any court of the State of New York or any United States federal court sitting in the County of New York, State of New York[.]" *See* Girard Street Note Agreement, at 9, Section 1.01 (definition of "Process Agent"); *id.* at 40-41, Section 9.15(d) (ECF Nos. 1-1 & 1-2).[2] Under the terms of the note agreements, the appointment of CSC as the agent for service of process is valid until PDVSA ceases to have obligations under the agreement or until it appoints a new agent. *Id.* Further, if CSC, or any subsequently appointed agent ceases to be available to receive service, PDVSA agrees

---

[2] Where applicable and unless otherwise specified, parallel citation to G&A's docket are omitted for readability.

"promptly to designate a new agent in the County of New York, State of New York, on the terms and for the purposes of this Section." *Id.*

In accordance with these agreements, plaintiffs duly served CSC on December 20, 2023. *See* Service Affidavits (ECF Nos. 15 & 16). Subsequently, in their first appearance before this Court on February 5, 2024, plaintiffs informed the Court that CSC had sent plaintiffs' counsel a letter dated December 27, 2024, informing counsel that "[t]he service of process received for the party served, as listed above, cannot be forwarded to the intended party for one of the [eight] reasons listed below[.]" See Minute Entry for Proceedings, Feb. 5, 2024; Declaration of Michael J. Baratz in Support of Plaintiff's Motion for Default Judgment ¶ 9, Exs. A & B (ECF No. 28) ("Baratz Decl. I"). Plaintiffs also represented that they were unable to find any successor agents of PDVSA or Petróleo in the City of New York and that neither PDVSA nor Petróleo had provided notice of appointment of any successor agents. Baratz Decl. I ¶ 11. The Court set a default judgment hearing after the sixty days available to PDVSA to answer under the Foreign Sovereign Immunities Act (FSIA). *See* 28 U.S.C. § 1608(d). On February 23, 2024, plaintiffs properly moved for default judgments, which motion was delivered, together with the letter from CSC, to the business addresses of the so-called PDVSA Ad Hoc Board of Directors ("Ad Hoc Board") in the United States, and separately to the Ad Hoc Board's Chair, Horacio Francisco Medina Herrera. Declaration of Michael J. Baratz in Support of Giarard Street's Opposition to Motion to Vacate ¶¶ 3-4 and Exhibits A-B (ECF No. 48) ("Baratz Decl. II"). After

4

defendants still did not enter an appearance on March 8, the Court entered two separate default judgments for plaintiffs. *See* G&A Amended Default Judgment (ECF No. 40); Girard Street Amended Default Judgment (ECF No. 34).

Nearly four months later, defendant PDVSA moved to vacate both judgments. Counsel here was retained by the PDVSA Ad Hoc Board. Briefly and without delving into facts unnecessary to decide this motion, the Ad Hoc Board was appointed by the then-Interim President of Venezuela, Juan Guaidó, amid a political struggle for power with Nicolás Maduro, who holds the current title of President of the Republic. *See Petroleos De Venezuela S.A. v. MUFG Union Bank*, N.A., 106 F.4th 263, 265-66 (2d Cir. 2024).

## II. Discussion

A motion to vacate a default judgment is "addressed to the sound discretion of the district court." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Rule 60(b) allows a court to "relieve a party ... from a final judgment" on account of five enumerated reasons or, under a catch-all provision, for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Defendant's first proposed ground for vacatur is voidness for lack of jurisdiction under Fed. R. Civ. P. 60(b)(4). Under the FSIA, a district court has personal jurisdiction over foreign states and their instrumentalities where: (1) there is subject matter jurisdiction; and (2) the defendant is served in accordance with the

5

FSIA. *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991)(citing 28 U.S.C. § 1330(b)).

In the alternative, PDVSA argues that the judgment should be vacated, under the catch-all provision, because its default was not willful, because there exists a meritorious defense, and because plaintiffs would not be prejudiced by vacating the judgment. *See W.B. David & Co., Inc. v. De Beers Centenary AG*, 507 F. App'x. 67, 69 (2d Cir. 2013) (citations omitted). The catch-all provision gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but such relief is only available in "extraordinary circumstances," *In re Terrorist Attacks on Sept. 11*, 2001, 741 F.3d 353, 356 (2d Cir.2013).

### a. Rule 60(b)(4)

Turning to defendant's first ground for vacatur, defendant PDVSA is an "agency or instrumentality of a foreign state," and service is governed by the provisions of the Foreign Sovereign Immunities Act (FSIA). Service on an "agency or instrumentality of a foreign state" under FSIA must be made via service methods listed in a descending order of preference in Section 1608(b). 28 U.S.C. §§ 1603(b), 1608(b). It is undisputed that PDVSA is an instrumentality of a foreign state. Under the first available and thus most preferable method, service must be made "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the

plaintiff and the agency or instrumentality." 28 U.S.C. § 1608(b)(1). The agreements here unmistakably created a "special arrangement" under the meaning of Section 1608(b)(1). Specifically, the agreements "irrevocably" appointed CSC as the "agent to receive . . . process and summonses" under the note agreement in any federal or state court in New York. *See* Girard Street Note Agreement, Section 1.01 & Section 9.15(d). No new agent has been designated under the agreements and CSC thus remains the appropriate agent for service of process related to the breach of the note agreements. The fact that CSC, after receipt of service, refused to forward it to PDVSA does not render service ineffective under FSIA. *See Pharo Gaia Fund, Ltd. v. Petroleos de Venezuela, S.A.*, 2024 WL 917608, at *2 (S.D.N.Y. Mar. 4, 2024)(citing *Mastec Latin Am. v. Inepar S/A Industrias E Construcoes*, 2004 WL 1574732, at *3 (S.D.N.Y. July 13, 2004)). Holding otherwise would invalidate freely negotiated, mutually beneficial arrangements and it would also contradict the plain text of the FSIA.[3]

    **b. Rule 60(b)(6)**

Turning to the defendant's second ground for vacatur, the Court finds that this case presents "extraordinary circumstances" that warrant vacatur of the default judgments. The default judgments in

---

[3] It is irrelevant for purposes of compliance with the literal service requirements under the FSIA that after service was completed, plaintiffs, out of an abundance of caution, also served the Ad Hoc Board and its Chairman with notice of default judgment, or that plaintiffs requested leave to serve the default judgment by alternative means.

question here exceeded $1.8 billion and are but a part of race among various global creditors to try to recover on their debt against PDVSA, a foreign-state controlled entity with limited funds that can satisfy the judgments. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151. *See also Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)(collecting cases where courts held default was improper when large sums of money were involved).

PDVSA, moreover, has now set forth at least one colorable defense: *viz.*, that New York's champerty statute, Judiciary Law § 489, bars plaintiffs' recovery because the notes in question here were purchased for the "primary purpose" of bringing a suit.[4] *See Semi-Tech Litig., LLC v. Bankers Trust Co.*, 272 F.Supp.2d 319, 331 (S.D.N.Y.2003), *aff'd and adopted in relevant part*, 450 F.3d 121, 123 (2d Cir.2006) (per curiam). PDVSA alleges that plaintiffs' purchase was champertous because plaintiffs purchased the notes in default and for nominal value. Without any determination on the full merits, the Court finds that this defense is sufficiently colorable to request vacatur under Rule 60(b)(6).

Further, the Court finds that, despite defendant's tardiness, the four-month delay in bringing the instant motion constituted

---

[4] In its motion to vacate default judgment in favor of G&A, plaintiff also asserted that some of G&A's claims are time barred under New York's six-year statute of limitations, N.Y. C.P.L.R. § 213 (ECF No. 47 at 23). Although defendant is not precluded from raising this defense in the future, the Court finds it insufficient to warrant relief under Rule 60(b) because plaintiffs do not seek damages for the time-barred payments. *See* Ocampo Decl. ¶ 47 (G&A ECF No. 35).

"reasonable time" within which a motion under Rule 60(b)(6) must be brought and that PDVSA's delay was not willful. *Cf. S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (explaining that courts found default to be willful where, for example, "defendants had 'purposely evaded service for months,'" or "failed, for incredible reasons, to appear for a scheduled pretrial conference and unaccountably delayed more than 10 months before moving to vacate the ensuing default") (citations omitted).

Neither will the grant of the motion unduly prejudice plaintiff. The relatively short passage of time between the entry of default judgment and the vacatur is not sufficient to warrant a finding of prejudice, *see Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983). This Court is also not persuaded by plaintiffs' arguments that the present action will prejudice them in an entirely separate action in the District of Delaware, and to the extent it does, it would only be by the effect of plaintiffs' litigation strategy, for which this Court can bear no responsibility.

For the foregoing reasons, defendant's motion to vacate the judgments under Rule 60(b)(6) is hereby granted.

SO ORDERED.

New York, NY
October 17, 2024

JED S. RAKOFF, U.S.D.J.