UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G&A STRATEGIC INVESTMENTS I LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A. et al., <br><br> Defendants. | Case No. 23-cv-10766-JSR <br><br> **PROTECTIVE ORDER** |
| GIRARD STREET INVESTMENT HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A. et al., <br><br> Defendants. | Case No. 23-cv-10772-JSR <br><br> **PROTECTIVE ORDER** |
| GIRARD STREET INVESTMENT HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> PDV HOLDING, INC., <br><br> Defendant. | Case No. 24-cv-4448-JSR <br><br> **PROTECTIVE ORDER** |

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order

governing the pre-trial phase of these consolidated actions and the Related Actions,[1] it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.  The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b) previously nondisclosed material relating to ownership or control of any non-public company;

    (c) previously nondisclosed business plans, product development information, or marketing plans;

---

[1] The Related Actions are *G&A Strategic Investments I LLC, et al. v. PDV Holding, Inc. et al.*, No. 4:24-cv-2774 (S.D. Tex.), *Gramercy Distressed Opportunity Fund, LLC v. PDV Holding, Inc.*, No. 4:24-cv-2981 (S.D. Tex.), and other actions where all or some combination of the parties in the captioned actions mentioned herein are the same, provided the parties to such action agree in writing that such action shall be a Related Action.

2

      (d)    any information of a personal or intimate nature regarding any individual; or

      (e)    any other category of information hereinafter given confidential status by the Court.

3.    As used in this Order, "Highly Confidential" means any Discovery Material which is "Confidential" and which the designating party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy, (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others, or (iii) its disclosure to existing or potential competitors is likely to cause injury to the business, commercial, competitive, financial, or governmental interests of the designating party. The person producing any given Discovery Material may designate as Highly Confidential only such portion of such material as consists of:

      (a)    current or future business strategies and other strategic planning information;

      (b)    projections or plans regarding future performance, budgets, production, output, sales, marketing, or distribution practices;

      (c)    research and development information;

      (d)    manufacturing know-how or technology;

      (e)    negotiation strategies;

      (f)    proprietary software, systems, or processes;

      (g)    margin, cost, and pricing information;

      (h)    intellectual property; or

      (i)    analysis of potential investments, acquisitions, joint ventures, or similar corporate activity.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, they may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a) the parties to these consolidated actions and Related Actions;

    (b) counsel retained specifically for these consolidated actions and the Related Actions, including any paralegal, clerical and other assistant or contractor employed by such counsel and assigned to these consolidated actions and the

Related Actions;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in these consolidated actions and the Related Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with these consolidated actions and the Related Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in these consolidated actions and the Related Actions; and

(g) the Court and its support personnel, including courts and their support personnel presiding over Related Actions.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential" to any other person whomsoever, except to:

(a) in-house counsel for the parties to these consolidated actions and the Related Actions;

(b) individuals who are responsible for overseeing or managing these consolidated actions and the Related Actions on behalf of any of the parties;

(c) outside counsel retained specifically for these consolidated actions and the

Related Actions, including any paralegal, clerical and other assistant or contractor employed by such counsel and assigned to these consolidated actions and the Related Actions;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in these consolidated actions and the Related Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with these consolidated actions and the Related Actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in these consolidated actions and the Related Actions; and

(h) the Court and its support personnel, including courts and their support personnel presiding over Related Actions.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or

at the conclusion of the case, whichever comes first.

9.  Prior to any disclosure of any Highly Confidential Discovery Material to any person referred to in subparagraphs 7(b), 7(d) or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. All Confidential Discovery Material or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material or Highly Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material or Highly Confidential Discovery Material.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "Attorneys' Eyes Only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

12. Anyone receiving Discovery Material shall take reasonable efforts to place such materials in a secure area and to prevent unauthorized access, disclosure, or dissemination of Discovery Material. Parties shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of Discovery Material as is exercised by the recipient with respect to its own information of the same or comparable confidentiality and sensitivity. Parties must take reasonable precautions to protect Discovery Material loss, misuse and unauthorized access, disclosure, and alteration.

13. In the event a receiving party or person in possession of Discovery Material subject to this Order experiences a data breach or reasonably believes a breach may have occurred as to any Discovery Material, including actual or suspected unauthorized access, the receiving party or authorized recipient shall:

(a) immediately notify the designating party of such breach;

(b) promptly take all necessary and appropriate corrective action to terminate the unauthorized access; and

(c) describe the incident and the materials accessed without authorization and provide sufficient information to the producing party and designating party such that the designating party can reasonably ascertain the scope of the breach.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential Document or information contained in any Confidential or Highly Confidential Document submitted to the Court in connection with any

motion, application, or proceeding that may result in an order and/or decision by the Court.

15. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

18. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

20.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

21.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

22.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: February 8, 2025

By: /s/ Matthew Hoffman
Camilo Cardozo
Dora P. Georgescu
VINSON & ELKINS LLP
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Tel: (212) 237-0051
Fax: (212) 237-0100
Email: ccardozo@velaw.com
Email: dgeorgescu@velaw.com

Matthew Hoffman (*pro hac vice*)
Andreina Escobar
VINSON & ELKINS LLP
845 Texas Avenue
Suite 4700
Houston, TX 77002
Tel: (832) 757-5104
Email: aescobar@velaw.com

*Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo S.A.*

By: /s/ James Joseph
Nathan P. Eimer
Scott C. Solberg (*pro hac vice*)
James Joseph (*pro hac vice*)
Daniel D. Birk (*pro hac vice*)
Gregory M. Schweizer (*pro hac vice*)
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
Fax: (312) 692-1718
Email: neimer@eimerstahl.com
Email: ssolberg@eimerstahl.com
Email: jjoseph@eimerstahl.com
Email: dbirk@eimerstahl.com
Email: gschweizer@eimerstahl.com

*Attorneys for Defendant PDV Holding, Inc.*

By: /s/ Michael J. Baratz
Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
35th Floor
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
Email: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Molly Bruder Fox (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Emma Marshak (*pro hac vice*)
Sabra Messer (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
mbaratz@steptoe.com
mbfox@steptoe.com
asloniewsky@steptoe.com
emarshak@steptoe.com
smesser@steptoe.com

*Attorneys for Plaintiffs G&A Strategic Investments I LLC; G&A Strategic Investments II LLC; G&A Strategic Investments III LLC; G&A Strategic Investments IV LLC; G&A Strategic Investments V LLC; G&A Strategic Investments VI LLC; G&A Strategic Investments VII LLC; and Girard Street Investment Holdings LLC*

**SO ORDERED.**

_____
JED S. RAKOFF, U.S.D.J.

**Dated:**     **New York, New York**

2/10/25