UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------x
GIRARD STREET INVESTMENT       :
HOLDINGS LLC,                  :
                               :
        Plaintiff,             :
                               :     24-cv-04448 (JSR)
        -v-                    :     (consolidated with
                               :     23-cv-10772 (JSR);
PDV Holding, Inc.              :     23-cv-10766 (JSR))
                               :
                               :     MEMORANDUM ORDER
        Defendant.             :
------------------------------x
```

JED S. RAKOFF, U.S.D.J.

This is an amended motion to intervene by a nonparty to the above consolidated actions, Huntington Ingalls Incorporated ("HII"), seeking (1) to transfer the alter ego action against PDVH Holding, Inc. ("PDVH") to the District of Delaware, or (2) to intervene in these consolidated actions generally. HII, like many others, is a judgment creditor of defendant Petróleos de Venezuela, S.A. et al. ("PDVSA"), pursuant to which it secured an attachment lien against PDVSA's shares in PDVH and participated in the judicial sale of those shares overseen by a court in the District of Delaware. See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, No. 17-mc-151 (D. De.) (Crystallex Action). See Nonparty Huntington Ingalls Incorporated's Memorandum of Law in Support of its Amended Motion to Intervene (Dkt. 95) ("HII's Amended Mem.").

In the first prong of its motion, HII argues that a transfer is appropriate because "a [District of Delaware] court . . . has

1

considerably more institutional knowledge concerning the facts and circumstances surrounding Girard Street's claims and is thus better suited to have a fully-informed view of the relevant equities." Id. at 8. 28 U.S.C. § 1404(a) permits a district court to transfer civil actions "[f]or the convenience of parties and witnesses" and "in the interest of justice" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court concludes, however, that the interest of justice and judicial efficiency are better served by keeping the case consolidated with the underlying action before this Court, which has moved rapidly and is now in an advanced stage of litigation. See 28 U.S.C. § 1404(a); see also Dkt. 116 at 22 (evaluating the § 1404(a) factors in connection with a first-filed rule claim). Further, the Court is skeptical that the "institutional knowledge" of an unrelated case arising from a different set of facts is a cognizable ground for a motion to transfer, or that this Court would not be able to obtain the information "concerning the facts and circumstances surrounding Girard Street's claims" as well as the Delaware court. And relatedly, while this Court has no doubt about the expertise and skill of the court presiding over the Crystallex Action, it is far from clear that the case would be, upon transfer, even assigned to the same presiding judge. HII's propounded grounds for transfer are therefore meritless.

As for HII's alternative proposal to intervene as a general party in this Court's consolidated actions, whether as of right under Rule 24(a) or permissively under Rule 24(b), this likewise is unconvincing.

2

A party may intervene as of right under Federal Rule of Civil Procedure Rule 24(a)(2) if it: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests; and (4) has an interest not adequately represented by the other parties." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994). The emphasis of HII's motion to intervene is on factor three: the alleged potential impairment to HII's ability to protect its interests. HII holds the fourth-priority position — shared with one other creditor — in the Crystallex priority order, behind approximately $2.5 billion in other claims. Crystallex, Dkt. 1102 at 7 (Final Priority Order); id. Dkts. 1136, 1140-1 at 4 (Revised Public Final Determination of Attached Judgments). HII is thus comparatively even better positioned than the proposed intervenor Red Tree Investments, LLC ("Red Tree"), which holds the sixth position in the line of creditors, but whose motion to intervene was denied by this Court in October of 2024 on the ground that its interest was adequately protected without intervention. See Dkt. 58. Nevertheless, HII argues that its interest in PDVH's shares will be impaired because the bid submitted by Amber Energy, Inc. ("Amber Energy") to purchase PDVH's shares has been withdrawn, and HII faults the actions brought by plaintiffs and an associated entity (the "Alter Ego Plaintiffs") in this and other courts for that development. HII's Amended Mem. at 3-6. However, since the time when the Amber

3

Energy bid was withdrawn, the Crystallex court has ordered further marketing of PDVH's shares, reopened the data room to provide additional information to prospective bidders, and restarted the bidding process. See Crystallex Action, Dkt. 1517. In other words, the sale process is proceeding irrespective of this or any other action brought by the Alter Ego Plaintiffs. Importantly, moreover, there has been no indication that the new round of bidding would yield bids lower than Amber Energy's withdrawn bid. On the contrary, the District of Delaware court observed in its denial of injunction in connection with the actions brought by Alter Ego Plaintiffs that "materially identical claims have been pending throughout the Sale Process[.]" Crystallex Action, Dkt. 1515 at 6. Accordingly, HII's claim that its interest will be harmed absent intervention is, at this time, merely conjectural. See R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 241 (2d Cir. 2006) (holding that a failure to satisfy "any one" of the four requirements to intervene "is a sufficient ground to deny the application"). Therefore, HII's request for a general intervention as of right is denied, without prejudice to being reviewed if no new bid is approved in the Crystallex Action that covers HII's claim. Additionally, the Court also denies HII's motion for permissive intervention pursuant to Fed. R. Civ. P. 24(b), because it would unduly delay the instant action and prejudice the parties for no obvious benefit. See also Dkt. 58 at 6.

4

SO ORDERED.

Dated: New York, NY
     March 22, 2025

                                                JED S. RAKOFF, U.S.D.J.