# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212.735.2628
DIRECT FAX
917.777.2628
EMAIL ADDRESS
JAY.KASNER@SKADDEN.COM

July 7, 2025

**BY E-MAIL and ECF**

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
RakoffNYSDChambers@nysd.uscourts.gov

   Re: *G&A Strategic Investments I LLC, et al. v. Petroleos De Venezuela, S.A., et al.,* No. 23-cv-10766 (JSR), and related cases

Dear Judge Rakoff:

     Pursuant to the Court's directive, we respectfully write on behalf of Plaintiffs G&A and Girard Street[1] in response to Defendants' July 2, 2025 letter (ECF No. 249) to confirm that the 8.5% default rate applies to both Notes and to address Defendants' dispute that this interest rate should apply to the defaulted interest owed under the SLB / G&A Notes.  As discussed below, the calculations contained in Plaintiffs' July 1, 2025 letter are correct based on the plain contractual language of the agreements, the discovery record and the undisputed summary judgment record.  Plaintiffs are entitled to an 8.5% contractual default interest rate on both the Halliburton / Girard Note and the SLB / G&A Notes, which results in the damages figures accompanying Plaintiffs'

---

[1] Terms used but not defined herein shall have the same meaning as defined in Plaintiffs' Consolidated Memorandum of Law in Support of Their Motion for Summary Judgment, *G&A Strategic Investments I LLC v. Petroleos De Venezuela, S.A.*, 23-cv-10766 (JSR), ECF 201.

The Honorable Jed S. Rakoff
July 7, 2025
Page 2

prior letter. *See id.*; *see also* Mot. at 39-40. Defendants challenge only the application of the 8.5% default interest rate to certain contractual interest payments under the SLB / G&A Notes.

By way of background, below are the relevant provisions of the SLB / G&A Note Agreement:

Section 2.03 of the SLB / G&A Note Agreement provides in its entirety:

(a) Subject to the provisions of Section 2.04, the Notes shall bear interest on the unpaid principal balance thereof from and after the Effective Date but excluding the date of repayment thereof, based on and computed on the basis of actual number of days elapsed on a year of 365 days, at a rate per annum equal to six and one-half percent (6.5%).
(b) Interest on the Notes shall be payable on the Repayment Dates (including the Maturity Date), or at maturity by acceleration, and, after such maturity, on demand.

Section 2.04 of the SLB / G&A Note Agreement provides in its entirety:

If (a) the Issuer shall default in the payment of any principal of or interest on any Note or any fee or other amount due hereunder or under any other Finance Document, by acceleration or otherwise (including automatic acceleration), or (b) if any Event of Default under Article VII (other than paragraph (a), (b) or (f) of Article VII) has occurred and is continuing and the Required Noteholders accelerate the Notes or direct the Administrative Agent to accelerate the Notes, then, in the case of clause (a) above, until such defaulted amount shall have been paid in full or, in the case of clause (b) above, from the date the applicable action has been taken by the Required Noteholders and for so long as such Event of Default is continuing or until the date the Required Noteholders agree otherwise, to the extent permitted by law, <u>all amounts outstanding</u> under this Agreement and the other Finance Documents <u>shall bear interest</u> (after as well as before judgment), payable on demand, based on and computed on the basis of actual number of days elapsed on a year of 365 days, <u>at a rate per annum equal to eight and one-half percent (8.5%)</u>.

Dkt. 177-4, Decl. of Evan Glassman, Ex. 16, at G_000100054 (emphasis added).

The Honorable Jed S. Rakoff
July 7, 2025
Page 3

   Thus, the undisputed rate to be applied is 8.5% per annum. For the SLB / G&A Notes, this rate applies to both the principal amount owed as well as to each missed interest payment (running as of the time of each missed payment). Under New York law, each unpaid installment payment constitutes a separate breach of contract as long as the promissory note is not accelerated. *See Phoenix Acquisition Corp. v. Campcore, Inc.*, 81 N.Y.2d 138, 141-143 (1993). There is no dispute that the SLB / G&A Notes were not accelerated, which is why Plaintiffs' calculation methodology re-calculates the amount owed for each missed installment payment up to the maturity date.[2] The ten missed installment payments for which Plaintiffs claim damages—excluding any missed payments outside the limitations period—are set out in Dkt. 177-37, Decl. of Evan Glassman, Ex. 16, at G_000100574, and each installment accrued additional interest at the default rate after Defendants failed to pay it.

   As Defendants correctly note, Plaintiffs have maintained this same position on calculating damages since the Complaint was filed in 2023. Defendants have long been aware of Plaintiffs' position: Plaintiffs produced the native spreadsheets containing the damages calculations in discovery, and Defendants questioned Plaintiffs' 30(b)(6) witness about the methodology:

> Q. [W]hat numbers were calculated to get this 11 million number [due on February 4, 2018] under: Interest due?
> A. This was calculated based on the $700 million . . . notional amount at a rate of 6 and a half percent for the time period starting November 4, 2017, to ending February 4, 2018.
> Q. And where did you get the 6.5 percent interest rate?
> A. From the note agreements.
> Q. . . .[H]ow were these [default interest] calculations [for May 4, 2018] made? . . .
> A. This calculation was made by taking the interest payment that would have been due on February 4, 2018, of $11,468,493.27, applying the default interest rate of 8 and a half percent for the time period from February 4, 2018 to May 4, 2018.
> Q. I see. And so if we go down the column here, each calculation is -- is it done the same way but with different dates based on what date we're looking at?

---

[2] The Halliburton / Girard Note was accelerated, however, which results in calculating the interest due as of each payment date based solely on the principal amount of the Halliburton / Girard Note at the default interest rate (8.5%), rather than the base interest rate (6.5%) (Defendants do not dispute the application of the 8.5% rate). As noted above, the SLB / G&A Notes were not accelerated, so each missed interest payment was also accrued and subject to default interest. Defendants' attempt to treat the SLB / G&A Notes in the same way as the Halliburton / Girard Note conflicts with the reality that the Halliburton / Girard Note was accelerated and the SLB / G&A Notes were not.

The Honorable Jed S. Rakoff
July 7, 2025
Page 4

       A. Correct.

G&A 30(b)(6) (Paolazzi) Tr. (Jan. 31, 2025) at 240:6-241:18.

       Furthermore, the Defendants did not dispute Plaintiffs' damages figures at summary judgment, and the Court granted summary judgment in Plaintiffs' favor on the basis of their submissions. Plaintiffs clearly laid out in a damages table in their opening brief the exact figure Defendants now challenge. *See* Mot. at 40; *see also* SUMF ¶ 161. Defendants had every opportunity to challenge the per diem rate, and indeed Defendants challenged *other* amounts sought in that very same table—specifically Plaintiffs' request for statutory interest, which Plaintiffs withdrew in response. *See* Opp. at 40; *see also G&A Strategic Investments I LLC v. Petroleos De Venezuela, S.A.*, 23-cv-10766 (JSR), ECF 217 ¶ 161.

       Accordingly, Plaintiffs respectfully submit their proposed interest calculation figures, which Defendants had the opportunity to challenge at summary judgment but chose not to, are correct.

                                  Respectfully submitted,

                                  /s/ *Jay B. Kasner*

                                  Jay B. Kasner

cc:    All counsel of record via ECF